UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| ISAIAH DUKES, | ) | |
|---|---|---|
| | ) | Case No. 2:25-cv-53 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Cynthia R. Wyrick |
| CHASE NEELY, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, an inmate of the Sullivan County Jail, filed a pro se complaint for violation of 42 U.S.C. § 1983 that the Court liberally construes to assert claims for failure to protect, excessive force, and failure to intervene against Defendants (Doc. 1), a motion for leave to proceed *in forma pauperis* (Doc. 4), and a motion to appoint counsel (Doc. 6). For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) will be **GRANTED**, his motion to appoint counsel (Doc. 6) will be **DENIED**, and this action will proceed only as to Plaintiff's excessive force claim against Defendant Neely and his failure to intervene claims against Defendants Keene and Bourne.

### I.  FILING FEE

It appears from Plaintiff's financial documents that he cannot pay the filing fee in a lump sum. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street,

Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred and fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1914(a), 1915(b)(2). To ensure compliance with this fee collection procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     MOTION TO APPOINT COUNSEL

Plaintiff requests appointment of counsel in this matter because he lacks legal knowledge and "feels that counsel will help him going forward" (Doc. 6, at 1). Appointment of counsel in a civil proceeding is a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605–06 (6th Cir. 1993). A district court has discretion to determine whether to appoint counsel for an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In exercising that discretion, the district court should consider the nature of the case, whether the issues are legally or factually complex, and the plaintiff's ability to present his claims. *Lavado*, 992 F.2d at 605–06.

As to the first two factors, as set forth below, Plaintiff's complaint will proceed only as to his claims that Defendant Neely used excessive force against him, and Defendants Bourne and

Keene did not intervene (Doc. 1, at 3–4), which are standard prisoner § 1983 claims that are not factually or legally complex. As to the third factor, it is apparent from his filings that Plaintiff is able to present his claims. Also, Plaintiff's lack of legal knowledge is typical of prisoner plaintiffs.

Thus, Plaintiff has not established that this is an exceptional case where he is entitled to appointment of counsel, and his motion to appoint counsel (*id.*) is **DENIED**.

### III. COMPLAINT

#### A. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him of a federal right. 42 U.S.C. § 1983.

**B.     Allegations**

While Defendants Neely, Keene, and Bourne were escorting Plaintiff to lockdown in "kilo," Plaintiff made eye contact with a member of the Aryan Brotherhood, "which is a white gang," in the cell to which Defendants were taking him (Doc. 1, at 3–4). As such, Plaintiff told Defendants Keene and Bourne that he was not safe in that cell (*id.* at 4). But Defendant Johnson stated that Plaintiff still had to go in the cell (*id.* at 4), at which point Plaintiff refused to go in the cell by holding on to the bars (*id.*). And as Defendants Neely, Keene, and Bourne tried to force Plaintiff into the cell, Defendant Neely kicked Plaintiff three times and struck him in the face (*id.*). Plaintiff then went on suicide watch to avoid going in the cell (*id.*). A document attached to Plaintiff's complaint indicates that, due to the disciplinary board finding that Plaintiff also attempted to run out of the cell and bite officers during this incident, Plaintiff was found guilty of "physically resisting" and therefore sentenced to a month on lockdown (Doc. 1-1, at 1).

Plaintiff has sued Chase Neely, Alexander Keene, Jason Bourne, J. Johnson, and the Sullivan County Jail (*id.* at 1, 3). Plaintiff requests injunctive and monetary relief (*id.* at 5).

**C.     Analysis**

First, the Sullivan County Jail is not an entity subject to suit under § 1983. *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Additionally, even if the Court could liberally construe Plaintiff's complaint as against Sullivan County (as an entity subject to suit under §1983 and the municipality responsible for the Sullivan County Jail), the complaint does not contain facts that allow the Court

4

to plausibly infer that a custom or policy of this municipality caused any violation of Plaintiff's constitutional rights, as required to state a plausible § 1983 claim against it. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (providing that a municipality may be liable only where "execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury"). As such, Defendant Sullivan County Jail will be **DISMISSED**, and this action will not proceed against Sullivan County.

Next, the Court presumes that Plaintiff is a pretrial detainee for purposes of screening his complaint. *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021). Thus, for Plaintiff's complaint to plausibly allege that any Defendant failed to protect him from other inmates, Plaintiff must set forth facts from which the Court can infer that the Defendant "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 317 (6th Cir. 2023) (citations omitted). While Plaintiff's complaint indicates that Plaintiff believed he faced a threat from an inmate in the cell to which Defendants were taking him, no facts in the complaint suggest that any Defendant believed the relevant cell was unsafe for Plaintiff. And while Plaintiff states that he spotted an individual from "a white gang" in that cell, he does not state how he identified the individual as such, nor does he state that he told Defendants why he felt the cell was unsafe. As such, the Court cannot plausibly infer that any Defendant may be liable under § 1983 for failing to protect Plaintiff from the inmate in the cell.

However, Plaintiff's allegations that (1) when Defendants Keene, Neely, and Bourne attempted to place him in the relevant cell and he held onto the bars of the cell to attempt to avoid entering the cell, Defendant Neely kicked him three times and struck him in the face, and (2)

5

Defendants Keene and Bourne did not intervene to stop these uses of force, state a plausible claim for excessive force against Defendant Neely and a plausible claim for failure to intervene against Defendants Keene and Bourne. While the Court is aware that the disciplinary board apparently found that Plaintiff also tried to run away from Defendants and tried to bite Defendants in this incident (Doc. 1-1, at 1), which will likely be the ultimate fact issues in this case, at this point the Court must accept Plaintiff's sworn allegation that all he did was hold on to the bars when Defendants Bourne, Keene, and Neely attempted to place him in the cell (Doc. 1, at 4) as true.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Plaintiff's motion to appoint counsel (Doc. 6) is **DENIED**;

6. Only Plaintiff's excessive force claim against Defendant Neely and failure to intervene claims against Defendants Keene and Bourne will proceed herein, and Defendants Sullivan County Jail and Johnson and all other claims are **DISMISSED**;

7. The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Keene, Bourne, and Neely;

8. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty (20) days of entry of this order;

9. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

10. Service on Defendants Keene, Neely, and Bourne shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

11. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packets, this action will be dismissed without further notice;

12. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against him; and

13. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**