# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

| | | |
|---|---|---|
| ISAIAH DUKES, | ) | |
| | ) | Case No. 2:25-cv-53 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Cynthia R. Wyrick |
| CHASE NEELY, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983. On February 18, 2026, the Court entered an order screening Plaintiff's complaint, denying Plaintiff's motion to appoint counsel, allowing only Plaintiff's excessive force claim against Defendant Neely and his failure to intervene claims against Defendants Keene and Bourne to proceed herein, dismissing the remainder of Plaintiff's claims and former Defendant Sullivan County Jail, and providing Plaintiff twenty days to return completed service packets for Defendants Neely, Keene, and Bourne (Doc. 7). This order also notified Plaintiff that failure to timely return the completed service packets would result in dismissal of this action without further notice (*id.* at 7). However, Plaintiff has not returned completed service packets, and his time for doing so has passed. Accordingly, for the reasons set forth below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to sua sponte dismiss a case when a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008)

("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely return completed service packets was due to Plaintiff's willfulness or fault. Specifically, it appears that Plaintiff received the Court's previous order but chose not to comply or otherwise communicate with the Court. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants. As to the third factor, as noted above, the Court's screening order warned Plaintiff that failure to timely return completed service packets would result in dismissal of this action without further notice (*see* Doc. 7, at 7). Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as Plaintiff is proceeding *in forma pauperis* herein and has failed to comply with the Court's clear instructions. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991).

Nothing about Plaintiff's pro se status prevented him from complying with the Court's previous order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

3